

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2007

# E Hill Synagogue v. Englewood

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5221

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation
"E Hill Synagogue v. Englewood" (2007). *2007 Decisions.* Paper 756.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/756

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5221

EAST HILL SYNAGOGUE,
a New Jersey Not-for-Profit Corporation,
Appellant

v.

THE CITY OF ENGLEWOOD;
THE PLANNING BOARD OF THE CITY OF ENGLEWOOD

138 BRAYTON STREET, LLP,
Intervenor in the District Court

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 03-cv-05228
District Judge: The Honorable Joseph A. Greenaway, Jr.

Submitted Under Third Circuit LAR 34.1(a)
June 26, 2007

Before: BARRY, FUENTES, and JORDAN, <u>Circuit Judges</u>

(Opinion Filed: July 17, 2007)

OPINION

BARRY, Circuit Judge

East Hill Synagogue ("East Hill") appeals from a decision of the United States District Court for the District of New Jersey dismissing its claims that a Resolution of the City of Englewood Planning Board ("Planning Board") violated its rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. We have jurisdiction under 28 U.S.C. § 1291. Because we conclude that the District Court erred in dismissing the complaint for lack of subject matter jurisdiction, we will reverse.

## I.

Seven years ago, East Hill, a modern orthodox congregation, sought approval from the Planning Board to convert a school building into a synagogue. Based on East Hill's representations that the building was too small for large, catered gatherings and that the congregation walked to services on the Sabbath, the Planning Board approved the conversion on June 1, 2000, and also permitted the synagogue to build fewer parking spaces than would otherwise typically be required.

A group of neighbors jointly purchased an adjacent property in the name of 138 Brayton Street LLP ("139 Brayton") in order to become an "interested party" in the zoning process. On July 19, 2000, they challenged the Planning Board's grant of approval in the Superior Court of New Jersey Law Division, Passaic County. The state court, however, found in favor of the synagogue.

Litigation continued as the neighbors filed two separate motions for injunctive relief seeking to block East Hill's practice of hosting large, post-Bar Mitzvah Kiddush celebrations in tents erected in the parking area. The state court held five evidentiary hearings, during which it determined: 1) that this use of the property violated the zoning rights the Planning Board had granted; 2) that a temporary injunction against all tented events at East Hill was therefore warranted; and 3) that the Planning Board should decide how to balance the synagogue's desire to use tents against other important safety and neighborhood concerns.

The Planning Board held public meetings on the question and decided to restrict the use of tents to three setups per year. On September 30, 2003, the state court dissolved its temporary injunction in light of the Planning Board's resolution of the issue.

On November 3, 2003, East Hill filed suit in the District Court alleging violations of its rights under the First Amendment and RLUIPA. The District Court, on defendants' motion, invoked the Rooker-Feldman doctrine and dismissed for lack of subject matter jurisdiction. The state court had concluded, the District Court found, that the resolution of the Planning Board was legally binding on the parties. In the District Court's view, granting relief to East Hill, were the Planning Board's resolution found to violate the Constitution or federal law – an issue inextricably intertwined with what was before the Planning Board – would necessarily void the state court's conclusion.

We review the District Court's decision granting defendants' motion to dismiss de

3

novo.  Buck v. Hampton Twp. School Dist., 452 F.3d 256, 260 (3d Cir. 2006).

## II.

The Rooker-Feldman doctrine states that the Supreme Court of the United States is the only federal court that may properly exercise appellate jurisdiction over state court judgments.  The doctrine derives from a negative inference from 28 U.S.C. § 1257:

> (a) Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a treaty of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.
> . . . .

In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), the Supreme Court emphasized the "narrow ground occupied by Rooker-Feldman."  544 U.S. at 284.  The Rooker-Feldman doctrine, and a dismissal for lack of subject matter jurisdiction, the Court held,

> "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions."

Id.  The Court also stated that where "a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he

4

was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Id. at 293. "Preclusion," the Court pointed out, "of course, is not a jurisdictional matter." Id.

### III.

Clearly, East Hill was a state court "loser" and clearly, too, it lost before the proceedings before the District Court commenced. But the injury complained of is not a legal injury caused by a state court judgment, much less a state court judgment that the tent-use limitations imposed by the Planning Board would interfere with East Hill's rights under the First Amendment or the RLUIPA. Rather, at bottom, the injury complained of is the injury caused by the Planning Board when it determined that, for whatever reasons, limitations should be placed on East Hill's use of tents, a determination that the state court merely accepted but neither actually litigated nor even analyzed as a First Amendment or RLUIPA claim.[1] The District Court erred in invoking Rooker-Feldman to

---

[1] The District Court did not find it necessary to reach the issue of whether the federal claims had been actually litigated in state court given its finding that the federal claims were inextricably intertwined with the claims litigated in state court. It is worth mentioning, however, that the Exxon Court noted but did not discuss "inextricably intertwined," relegating Feldman's use of that phrase to a mere "expression." Id. at 286 and n.1. There is little reason to believe that "inextricably intertwined" after Exxon does anything more than state a conclusion or describe a claim that meets the requirements of Exxon. See, e.g., McCormick v. Braverman, 451 F.3d 382 (6th Cir. 2006); Davani v. Va. DOT, 434 F.3d 712 (4th Cir. 2006); States Res. Corp. v. Architectural Team, Inc., 433 F.3d 73 (1st Cir. 2005); Hoblock v. Albany County Bd. of Elections, 422 F.3d 77 (2d Cir. 2005); Manufactured Home Cmtys., Inc. v. City of San Jose, 420 F.3d 1022 (9th Cir. 2005).

dismiss the complaint for lack of subject matter jurisdiction.

That need not end the matter, however, for under state law defendants may, or may not, prevail on a motion to dismiss based on preclusion principles, such as res judicata or collateral estoppel, were one to be filed.  We leave that to the parties and the District Court in the first instance.

**IV.**

We will reverse the order of the District Court dismissing East Hill's complaint for lack of subject matter jurisdiction and remand for further proceedings consistent with this Opinion.